MANDATE

16-3218
Sandler v. Benden, et al

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 13th day of November, two thousand seventeen.

PRESENT: DENNIS JACOBS,
ROBERT D. SACK,
BARRINGTON D. PARKER,

                **Circuit Judges**.

- - - - - - - - - - - - - - - - - - - -X

TRACEY SANDLER,

        **Plaintiff-Appellant**,

    -v.-                                                                                    16-3218

JOSEPH BENDEN, BAYVIEW MANOR LLC d/b/a
SOUTH POINT PLAZA NURSING AND
REHABILITATION CENTER, ILENE L.

1

MANDATE ISSUED ON 01/09/2018

NATHANSON, PAMELA BRODLIEB, AND LONG
ISLAND UNIVERSITY,

      **Defendants-Appellees**.

- - - - - - - - - - - - - - - - - - - - - -X

| | |
|---|---|
| FOR APPELLANT: | DAVID ZEVIN; Roslyn, NY. |
| FOR APPELLEES BENDEN and BAVIEW MANOR LLC d/b/a SOUTH POINT PLAZA NURSING and REHABILITATION CENTER: | W. MATTHEW GROH (Clifford P. Chaiet, on the brief), Naness, Chaiet, & Naness, LLC; Jericho, NY. |
| FOR APPELLEES NATHANSON, BRODLIEB, AND LONG ISLAND UNIVERSITY: | CATHERINE M. MURPHY; Brookville, NY. |

    Appeal from a judgment of the United States District Court for the Eastern District of New York (Feuerstein, <u>J.</u>).

    **UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that the judgment of the district court is **AFFIRMED**.

    Tracey Sandler appeals from the judgment of the United States District Court for the Eastern District of New York (Feuerstein, <u>J.</u>) dismissing her claim for unpaid wages under the New York Labor Law on a Rule 12(c) motion for judgment on the pleadings. At issue is the district court's ruling that Sandler was an intern and not an employee for the purposes of the New York Labor Law under <u>Glatt v. Fox Searchlight Pictures, Inc.</u>, 811 F.3d 528 (2d Cir. 2015). We assume the parties' familiarity with the underlying facts, the procedural history, and the issues presented for review.

    Sandler was a part-time student in Long Island University's Master of Social Work ("MSW") program during the 2013-14 academic year. As part of the

program, Long Island University ("LIU") placed Sandler in an internship at Bayview Manor LLC d/b/a South Point Plaza Nursing and Rehabilitation Center ("Bayview Manor") under the supervision of Joseph Benden. Sandler alleges that she performed only "secretarial tasks" and "grunt work," such as "filing, typing, photocopying, fetching food, wheeling patients, etc.," and that she received nearly nothing of educational value. After Sandler complained about the quality of the internship in a February 28, 2014 memorandum, she was dismissed from Bayview Manor and expelled from LIU. Sandler was later reinstated at LIU, but did not receive course credit for her year-long internship or a refund of tuition.

In return for the internship, Sandler alleges that Bayview Manor received the benefit of her services, which otherwise would have been performed by a paid employee, as well as benefits from LIU. She alleged that LIU benefited through tuition and continued accreditation (which in turn supported higher tuition).

Sandler brought claims pursuant to both the Fair Labor Standards Act ("FLSA") and the New York Labor Law ("NYLL"). The district court invoked supplemental jurisdiction pursuant to 28 U.S.C. § 1367 to hear the latter claim. Sandler now appeals only the district court's dismissal of the NYLL claim, which raises the issue of whether we have jurisdiction to hear an appeal on a state-law claim when the federal claim that conferred supplemental jurisdiction has not been appealed. We conclude that we do.

"The scope of a federal court's jurisdictional power [] does not fluctuate with the fate of a federal claim at trial or on appeal, but exists if the federal claim initially had substance sufficient to confer subject matter jurisdiction on the court." United Intern Holdings, Inc. v. Wharf, 210 F.3d 1207, 1219-20 (10th Cir. 2000) (citation and quotation marks omitted); see also Hatch v. Town of Middletown, 311 F.3d 83, 84 n.2 (1st Cir. 2002) (same). We rely also on Gelboim v. Bank of America Corp., 135 S. Ct. 897, 902 (2015), which held that 28 U.S.C. § 1291 gives the courts of appeals jurisdiction over all final decisions of the district courts, even if a district court dismisses only a single case that has been consolidated with other actions in a multidistrict litigation: "A final decision is one by which a district court disassociates itself from a case. . . . [T]he statute's

3

core application is to rulings that terminate an action." Id. (citations and quotation marks omitted). Notwithstanding Sandler's appeal of the NYLL claim only, the district court's granting of the defendants' motions to dismiss was a final order that terminated the action below. Accordingly, the Court has jurisdiction over this appeal pursuant to 28 U.S.C. § 1291.

We review the grant of a motion to dismiss on the pleadings de novo, see Karedes v. Ackerley Group, Inc., 423 F.3d 107, 113 (2d Cir. 2005), "accepting all factual allegations in the complaint as true, and drawing all reasonable inferences in the plaintiff's favor," Velez v. Sanchez, 693 F.3d 308, 313 (2d Cir. 2012) (citation and quotation marks omitted). "To survive a Rule 12(c) motion, the complaint must contain sufficient factual matter to state a claim to relief that is plausible on its face." Kirkendall v. Halliburton, Inc., 707 F.3d 173, 178-79 (2d Cir. 2013) (citation and quotation marks omitted).

We construe the NYLL definition of employee as the "same in substance" as the FLSA definition. Glatt, 811 F.3d at 534. To determine whether an unpaid employee is entitled to compensation under FLSA and the NYLL, we apply the primary beneficiary test:

> The primary beneficiary test has three salient features. First, it focuses on what the intern receives in exchange for his work. Second, it also accords courts the flexibility to examine the economic reality as it exists between the intern and the employer. Third, it acknowledges that the intern-employer relationship should not be analyzed in the same manner as the standard employer-employee relationship because the intern enters into the relationship with the expectation of receiving educational or vocational benefits that are not necessarily expected with all forms of employment (though such benefits may be a product of experience on the job).

Glatt, 811 F.3d at 536 (citations omitted).

Glatt further instructs courts to consider seven non-exhaustive factors in determining whether an intern is an employee for the purposes of FLSA and the NYLL:

> 1. The extent to which the intern and the employer clearly understand that

4

there is no expectation of compensation. Any promise of compensation, express or implied, suggests that the intern is an employee--and vice versa.

2. The extent to which the internship provides training that would be similar to that which would be given in an educational environment, including the clinical and other hands-on training provided by educational institutions.

3. The extent to which the internship is tied to the intern's formal education program by integrated coursework or the receipt of academic credit.

4. The extent to which the internship accommodates the intern's academic commitments by corresponding to the academic calendar.

5. The extent to which the internship's duration is limited to the period in which the internship provides the intern with beneficial learning.

6. The extent to which the intern's work complements, rather than displaces, the work of paid employees while providing significant educational benefits to the intern.

7. The extent to which the intern and the employer understand that the internship is conducted without entitlement to a paid job at the conclusion of the internship.

Glatt, 811 F.3d at 536-37.

In applying these non-exhaustive factors, courts "weigh[] and balanc[e]" the totality of the circumstances. Id. at 537. "No one factor is dispositive and every factor need not point in the same direction for the court to conclude that the intern is not an employee entitled to the minimum wage." Id. Furthermore, "because the touchstone of this analysis is the economic reality of the relationship, a court may elect . . . to consider evidence about an internship program as a whole rather than the experience of a specific intern." Id. (quotation marks omitted).

Sandler argues that determining whether a worker is an intern or an employee for the purposes of the NYLL is a fact-intensive inquiry requiring discovery. She therefore requests that the Court vacate the district court's dismissal and remand the case for discovery.

The first, second, and third Glatt factors weigh in favor of finding that Sandler was an intern. There was no expectation of compensation: the Amended Complaint states that "LIU required that, beginning in the second year of school, students, including Ms. Sandler, complete an *unpaid* internship." App. 218 (Am. Compl. ¶ 25) (emphasis added). Sandler also contends that the internship provided her with "nearly nothing of educational value." However, the pleadings show that Sandler did receive educational training during her internship: she was assigned one individual client at Bayview Manor and received one group assignment; she participated in integrated coursework at LIU in the form of a "field work class"; and her internship responsibilities included writing three "process recordings" per week that described her experiences as a social work intern. App. 227, 231-32 (Am. Compl. ¶¶ 53, 66-67). Finally, the Amended Complaint makes clear that she would have received academic credit toward her MSW degree had she performed the internship in a satisfactory manner. App. 218-19 (Am. Comp. ¶ 25); see Lucia Vlad-Berindan v. NYC Metro. Trans. Auth., No. 14-cv-10304 (VEC), 2016 WL 1317700, at *8 (S.D.N.Y. Apr. 1, 2016) ("It is unfortunate, if true, that Plaintiff learned nothing during her internship but even if that is true, it does not erase the fact that she received credit toward her degree by virtue of the internship.").

The fourth, fifth, and seventh factors also weigh in favor of finding that Sandler was an intern. The duration of Sandler's internship coincided with and was limited to LIU's academic calendar "during the fall, 2013 semester and part of the spring, 2014 semester." App. 210 (Am. Compl. ¶ 2). Sandler worked approximately 16 hours per week from September to December 2013 and approximately 17 hours per week from January 2014 until her termination in March of that year. App. 226 (Am. Compl. ¶ 49). It is also undisputed that Sandler was never promised a paid position at Bayview Manor upon the completion of her internship. App. 226 (Am. Compl. ¶ 49).

Sandler argues that the sixth factor weighs in her favor because work she

6

was required to perform displaced the work of a secretary or assistant and because the internship failed to provide significant educational benefits. The sixth factor may favor the plaintiff when an employer merely passes drudge work on to interns, but that is not dispositive: Glatt specifically acknowledges that employers could receive an immediate advantage from unpaid interns. See 811 F.3d at 535-36. Moreover, the Amended Complaint acknowledges that Sandler did perform complementary work and that she received significant educational benefits, as set out above. The best that can be said is that the sixth factor is a wash.

Sandler argues that discovery is needed to flesh out the totality of the circumstances: namely, the extent to which Bayview Manor received benefits from its relationship with LIU and the monetary amount Bayview Manor would have expended to have an employee perform Sandler's work. However, so long "as the relationship at issue has the qualities of a bona fide internship, providing educational or vocational benefits in a real-world setting, the intern can be the primary beneficiary of the relationship even if her activities provide direct benefit to the employer." Mark v. Gawker Media LLC, No. 13-cv-4347 (AJN), 2016 WL 1271064, at *7-*8 (S.D.N.Y. Mar. 29, 2016); see Vlad-Berindan, 2016 WL 1317700, at *8 (finding that an intern was the primary beneficiary when she received academic credit necessary for her degree, even though she displaced the work of an employee). Accordingly, Sandler did not plausibly plead that she was an employee under the analysis set out in Glatt; she therefore failed to state a claim for relief under the NYLL and is not entitled to proceed to discovery.

We have considered Sandler's remaining arguments and conclude that they are without merit. For the foregoing reasons, the judgment of the district court is **AFFIRMED**, with costs borne by the respective parties.

                                      FOR THE COURT:
                                      CATHERINE O'HAGAN WOLFE, CLERK

A True Copy
Catherine O'Hagan Wolfe, Clerk
United States Court of Appeals, Second Circuit